UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
2010 APR 30  AM 9: 29
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| DARLEEN JACOBS LEVY | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | |
| | * | |
| TRANSOCEAN, LTD., TRANSOCEAN | * | SECTION: 10-1245 |
| OFFSHORE DEEPWATER DRILLING, | * | |
| INC., TRANSOCEAN DEEPWATER, INC., | * | SECT. R MAG 3 |
| BP, PLC, BP PRODUCTS NORTH AMERICA, | * | |
| INC. AND HALIBURTON ENERGY SERVICES, | * | |
| INC. | * | |

*******************************************************************

CLASS ACTION
COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Darleen Jacobs Levy, individually and as the succession representative and sole heir of Judge S. Sanford Levy, a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who respectfully represents:

I.

This is a class action brought by the representative plaintiff on her own behalf and on behalf of a class of residents and property owners for compensation for the mental anguish, emotional distress, inconvenience, loss of use, loss of property value, loss of income, loss of profits, loss of business opportunity, and fear of cancer suffered by plaintiff. This action arises from defendants' negligence in allowing and/or causing the Deep Water Horizon, a vessel, to explode and its wellhead to leak oil in the Gulf of Mexico.

Fee 350
Process
X Dktd
CtRmDep
Doc. No.

II.

Made defendants herein are:

A) TRANSOCEAN, LTD. (TRANSOCEAN ENTITY), a foreign corporation doing business in the State of Louisiana;

B) TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (TRANSOCEAN ENTITY), a foreign corporation doing business in the State of Louisiana;

C) TRANSOCEAN DEEPWATER, INC. (TRANSOCEAN ENTITY)

D) BP, PLC, hereinafter referred to as "BP," a foreign corporation doing business in the State of Louisiana;

E) BP PRODUCTS NORTH AMERICA, INC., hereinafter referred to as "BP Products," a foreign corporation doing business in the State of Louisiana; and

F) HALIBURTON ENERGY SERVICES, INC., hereinafter referred to as "Haliburton," a foreign corporation doing business in the State of Louisiana.

III.

The jurisdiction of this Honorable Court is based upon the provisions of 46 U.S.C. Sec. 30101 (Admiralty Extension Act), the general maritime law, the general maritime products liability law and the Oil Pollution Act of 1990, 33 U.S.C. § 2701, et seq..

IV.

At all pertinent times hereto, Darleen Jacobs Levy, individually and as succession representative of Judge S. Sanford Levy and his sole heir, is the owner of 116 acres of land partially comprising Point Clear Island, with characteristics similar to a barrier island. Said island borders the Mississippi Sound from Pearl River, Point Clear, Bayou Caddy and the Mississippi Sound.

V.

The Island, and particularly the acreage owned by Darleen Jacobs Levy supports several rare plant species, including one of the rarest shrubs in the United States, the tiny-leaved buckthorn (Sageretia Minuteflora); the acreage is also well known for an abundance of waterfowl and wild life.

VI.

At all pertinent times hereto, defendants owned, operated and/or controlled the DEEPWATER HORIZON, a semi-submersible mobile drilling unit.

VII.

On or about April 20, 2010, the vessel, DEEPWATER HORIZON, was located 50 miles southeast of Venice, Louisiana, more than a marine league outside of and adjacent to the Louisiana shore when, while performing drilling operations for crude oil, it exploded, eventually sinking to the floor of the Gulf of Mexico.

VIII.

The accident was caused by no fault of the plaintiff and was caused solely by the negligence of the defendants as more fully set forth herein.

IX.

The above-described incidents were caused solely by the negligence of defendants, TRANSOCEAN, LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEP WATER, INC., BP, PLC, BP PRODUCTS NORTH AMERICA, INC. AND HALIBURTON ENERGY SERVICES, INC., through their agents, servants and employees, which are more particularly described as follows:

## NEGLIGENCE OF TRANSOCEAN ENTITIES

a) Failing to provide a competent crew;

b) Failing to properly supervise its employees;

c) Failing to properly train and/or supervise employees of subcontractors working on the vessel;

d) Failing to provide sufficient personnel to perform operations aboard the vessel;

e) Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

f) Failing to exercise due care and caution;

g) Failing to avoid this accident;

h) Failing to provide a seaworthy vessel capable of avoiding this accident;

i) Other acts of negligence which will be shown more fully at trial.

## NEGLIGENCE OF BP AND BP PRODUCTS

a) Failing to properly train and/or supervise its crew and other employees;

b) Failing to ensure that its crew worked in a safe and prudent manner;

c) Failing to exercise due care and caution;

d) Failing to avoid this accident;

e) Failing to provide a seaworthy vessel;

f) Other acts of negligence which will be shown more fully at trial.

## NEGLIGENCE OF HALIBURTON ENTERGY SERVICES, INC.

a) Failing to sufficiently and competently perform cementing operations of the well and well cap aboard the vessel;

b) Failing to properly supervise its employees;

c) Failing to properly train and/or supervise employees of the contractors working on the vessel;

d) Failing to provide sufficient personnel to perform operations aboard the vessel;

e) Failing to exercise due care and caution;

f) Failing to avoid this accident;

g) Other acts of negligence which will be shown more fully at trial.

X.

In the further alternative, plaintiff, reiterating and re-alleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of Res Ipsa Loquitur.

XI.

As a direct result of the explosion, the well being drilled by the DEEPWATER HORIZON has inundated plaintiff's acreage with oil and petroleum substances, causing damage to plants, trees, wild life and the island soil and sand.

XII.

Plaintiff itemizes her damages as follows:

a) Costs of clean-up and remediation;

b) Loss of plants, trees and wildlife as a result of petroleum product contamination;

c) Stigma damages;

d) Mental anguish

e) Exemplary damages for contamination as a result of a hazardous substance;

f) Attorneys fees and costs in connection with exemplary damage;

g) Loss of use and enjoyment of the island and plaintiff's acreage;

    h)    Loss of property value and income;

    i)    Loss of business opportunity;

    j)    Fear of cancer;

    k)    Contamination of property.

## XIII.

Plaintiff is entitled to prejudgment interest on her damages from the dates of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

## XIV.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs including exemplary damages and attorneys fees.

## XV.

### CLASS ACTION ALLEGATIONS

1. Darleen Jacobs Levy brings this action on her own behalf and on behalf of all similarly situated property owners and residents of Louisiana and Mississippi who reside and/or own property that was damaged by oil and petroleum products spilled as a direct result of defendants' negligence.

2. Those residents and property owners who are members of that class of persons whose property within the spill area were damaged by the oil spill and who have suffered damages caused by defendants are so numerous as to make it impractical to join all members of the class; upon information and belief, the class membership is in excess of 300 persons.

3. There are questions of law and fact which are common to all members of the class. Furthermore, the questions of law and fact common to the class members predominate over any question affecting any individual class member. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Darleen Jacobs Levy named as class representative will fairly and adequately protect the class and has hired competent attorneys knowledgeable in admiralty and class action litigation.

## XVI.

Plaintiff demands trial by jury in accordance with the Federal code of Civil Procedure.

WHEREFORE, Plaintiff prays that:

a) Defendants be served with a copy of the complaint and be cited to appear ans answer same;

b) This court certify the plaintiff as representative of a class comprised of property owners within the geographic area as outlined above and that this action be certified as a class action;

c) After due proceedings had, including trial by jury, that judgment be rendered against the defendants in an amount to be determined together with interest, costs, and attorney fees, including exemplary damages, if applicable, to which plaintiff is entitled by law.

Respectfully submitted:

_____
DARLEEN M. JACOBS, ESQ. (#7208)
RICHARD MARTIN, ESQ.
KENNETH CHARBONNET, ESQ.
AL SARRAT, ESQ.
823 St. Louis Street
New Orleans, LA 70112
(504) 522-0155
Attorneys for Plaintiff

PLEASE SERVE DEFENDANTS AS FOLLOWS:

TRANSOCEAN, LTD.
Through its agent for service of process
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

TRANSOCEAN OFFSHORE DEEP WATER DRILLING, INC.
Through its agent for service of process
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

TRANSOCEAN DEEPWATER, INC.
Through its agent for service of process
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

BP, PLC
Through its agent for service of process
The Prentice-Hall Corporation System, Inc.
320 Somerulos Street
Baton Rouge, LA 70802-6129

BP PRODUCTS NORTH AMERICA, INC.
Through its agent for service of process
The Prentice-Hall Corporation System, Inc.
320 Somerulos Street
Baton Rouge, LA 70802-6129

HALIBURTON ENERGY SERVICES, INC.
Through its agent for service of process
C. T. Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808